CITY OF FLORISSANT,
Plaintiff-Appellant,

v.

LABOR & INDUSTRIAL RELATIONS COMMISSION, Division of Employment Security, and Shirley McClendon, Defendants-Respondents.

No. 43189.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1981.

V. Jack Muehlenkamp, Dellwood, for plaintiff-appellant.

Kevin M. Hare, Jefferson City, for defendants-respondents.

CRIST, Presiding Judge.

Appeal by City of Florissant (hereinafter "employer") from a decision of the circuit court affirming the Labor & Industrial Relations Commission's (hereinafter "commission") award of unemployment benefits to Shirley McClendon (hereinafter "employee") under the Missouri Employment Security Act, Chapter 288, RSMo. 1978. We affirm.

The determinative issue is whether employee voluntarily left her job on August 8, 1979 for good cause attributable to her work or employer within the meaning of § 288.050, RSMo. 1978.

Our scope of review is dictated by Mo. Const. Art. V, § 18, and § 288.210, RSMo. 1978. We consider the evidence in the light most favorable to the commission, together with all reasonable inferences which could be drawn therefrom to support its finding. *Nelson v. Labor & Industrial Relations Com'n*, 594 S.W.2d 356, 359 (Mo.App. 1980); *LaPlante v. Industrial Com'n*, 367 S.W.2d 24, 27 (Mo.App. 1963).

For two years prior to employee's hire as housing rehabilitation specialist, Barbara Hanon (hereinafter "co-worker") performed employee's duties. Employee was hired when co-worker failed to qualify for the position due to lack of education. Co-worker was highly upset over employee's hire and told employee of her displeasure.

In this new arrangement, co-worker had no supervisory authority over employee. Despite this, and throughout employee's six months employment, co-worker would comb employee's files when employee was not present, looking for errors to point out to employee's supervisor. Employee brought the problem to her supervisor's attention several times, but his attempts to resolve the problem were ineffective. One week before her resignation, employee met with co-worker, her supervisor, and the director of personnel. This only seemed to exacerbate the situation, as co-worker thereafter made daily derogatory comments to employee.

These working conditions caused employee great mental strain. She consulted a doctor who prescribed tranquilizers for her anxiety and recommended she speak to a psychiatrist. Employee did not see a psychiatrist because she had been doing the same type of work for 12 years without any anxiety problems. Prior to this employment she had not been treated for a nervous problem. On August 9, 1979, she submitted her resignation.

■ Benefits under the Employment Security Law are denied to a claimant who leaves work "voluntarily without good cause attributable to [her] work or to [her] employer." Section 288.050, RSMo. 1978. Good cause for voluntary unemployment is limited to instances where unemployment is caused by external pressures so compelling that a reasonably prudent person would be justified in giving up employment. *Citizen's Bank of Shelbyville v. Industrial Com'n*, 428 S.W.2d 895, 899 (Mo.App. 1968).

Employer contends that *Citizen's Bank* has facts sufficiently similar to those of this case as to be controlling. In *Citizen's Bank*, the claimant was denied benefits. She had been a clerk in a bank for a year when one of four clerks mistakenly credited three

checks to the wrong account. The supervising cashier scolded all the clerks, stressing the seriousness of such a mistake. This brought the claimant to tears. The cashier decided less talking and more concentration were required. One week of cold and strictly business-like treatment from the cashier prompted claimant to resign.

 *Citizen's Bank* is clearly distinguishable from the case at bar. Co-worker had no authority or business purpose for her actions. Employee endured the conditions for six months. There was uncontradicted and unobjected to medical evidence establishing a causal link between the job and employee's illness. *See, Bussman Mfg. v. Industrial Com'n,* 327 S.W.2d 487, 492 (Mo. App. 1959); *cf., Clevenger v. Labor and Industrial Relations Com'n,* 600 S.W.2d 675 (Mo.App. 1980).

The job caused employee's nervous condition and she had good cause to quit. An employee is not required to work under these conditions.

The judgment of the circuit court is affirmed.

REINHARD and SNYDER JJ., concur.