CHRYSLER CORPORATION,
Respondent,

v.

The DIVISION OF EMPLOYMENT SE-
CURITY, LABOR AND INDUSTRIAL
RELATIONS COMMISSION, and Owen
D. Goldstein, Appellants.

No. 43936.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Feb. 19, 1982.

Morton I. Golder, Clayton, Timothy P. Duggan, Rick V. Morris, Jefferson City, for appellants.

Charles Newman, St. Louis, for respondent.

CRIST, Judge.

This appeal involves a petition for judicial review of a decision of the Labor and Industrial Relations Commission (Commission) pursuant to the Missouri Employment Security Law, Chapter 288, RSMo. 1978. The circuit court reversed the Commission by finding there was a lack of competent and substantial evidence on the whole record to support the finding and decision. We affirm.

Owen D. Goldstein (claimant) was employed by Chrysler Corporation on September 20, 1976 as an assembler. He worked as an assembler in the chassis department for approximately three years until the plant was closed to prepare for production of new models on July 6, 1979. Claimant was indefinitely laid off as part of a reduction in force on August 10, 1979. Chrysler then sent him a written offer of re-employment as an assembler in the trim department in September, 1979.

Claimant admitted that he received and rejected the offer of re-employment. Claimant testified that he rejected the offer of employment because:

I didn't like the work, and I didn't want any part of the work, and since then they had been down for new models and I had been seeking other employment. I had in the past gone to see a psychologist and during psychologic [sic] therapy, part of that that came out I wasn't suited for the type of work.

Claimant stated that his psychologist had recommended that he consider other employment in 1976 shortly after claimant started work at Chrysler. At the time of the hearing, claimant had not seen his psychologist professionally for eight months. Claimant did not see his psychologist about his claim for benefits, and a letter was written as a result of phone call to his psychologist. There was no evidence at the hearing of a specific mental or physical manifestations of claimants alleged psychological problems that rendered him physically unable to perform the work offered by Chrysler.

The Commission found that claimant did not fail without good cause to accept suitable work when offered by Chrysler. The trial court disagreed and this appeal results.

■ The court reviews the decision of the Commission and not the findings of the circuit court. We are compelled to acquaint ourselves with the record in the light most favorable to the Commission's findings, concentrating on the proper inferences which the Commission had the authority to deduce from the evidence, and then conclude whether its findings are supported by substantial and competent evidence. *Wray v. Schwitzer Co.*, 615 S.W.2d 646, 648 (Mo.App. 1981). It is for this reason that we deal not only with the assertion by both claimant and the Commission that the Commission's finding was justified by competent and substantial evidence, but also with Chrysler's point that the Commission erred in the admission of claimant's psychologist's letter.

■ Chrysler maintains that the psychologist's letter was hearsay. Both parties were present at the hearing. Chrysler stated that it had no objection to the introduction of the letter into evidence. Since there was no objection to the psychologist's letter, it may be considered as competent and substantial evidence supporting the Commission's findings. *Mark Twain Homes v. Labor & Indus. Relations*, 616 S.W.2d 145, 147 (Mo.App.1981).

■ We must disagree, however, with the assertion of appellants that the Commission's finding was supported by sufficient competent and substantial evidence. Claimant failed to prove causation between his emotional or mental condition and his failure to report to work. Claimant's main evidence was the psychologist's letter:

To Whom It May Concern:

Mr. Owen Goldstein was in weekly psychotherapy with me at the time that he began working at the Chrysler Corporation. As time passed, his job on the assembly line became a focal point in his therapy. He reported that he was having increasing difficulty coping with the lack of intellectual stimulation and the sameness of what he was doing day after day. Taken together, these were having a decidedly negative effect upon his self-concept. In view of this, it was my recommendation that he seriously consider alternative employment opportunities.

Good cause for voluntary unemployment is circumscribed to instances where unemployment is brought about by extrinsic anxiety so great that a fairly levelheaded individual would be warranted in foregoing employment. *City of Florissant v. Labor & Ind. Rel. Com'n.*, 613 S.W.2d 713, 714 (Mo.App. 1981). Here, the evidence merely showed that claimant thought he had a problem, not that it resulted from his job with Chrysler and that it would have been unreasonable under the circumstances for claimant to accept Chrysler's offer of work. As such, the evidence was insufficient to show that claimant failed to return to work for a good cause. Accordingly, the judgment of the trial court reversing the Commission's finding of good cause is affirmed.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.