Norrine HOWARD, Plaintiff-Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY, Terry Allen, Herbert Ford, and William Ringer, Members, Defendants-Respondents.

No. 47719.

Missouri Court of Appeals, Eastern District, Division Three.

May 29, 1984.

Frances D. Taylor, St. Louis, for plaintiff-appellant.

Susan P. Haag, Jefferson City, for defendants-respondents.

KAROHL, Presiding Judge.

Claimant Norrine Howard appeals from a trial court judgment affirming the Labor and Industrial Relations Commission's decision that she was not entitled to unemployment compensation benefits. The Commission determined that claimant left her work voluntarily on February 2, 1982, without good cause attributable to her work or to her employer, Spann Building Maintenance Company. As a result claimant was disqualified for benefits until she earned wages after the voluntary separation in an amount equal to ten times her weekly benefit amount. § 288.050.1, RSMo 1978.

■ We review to determine whether the Commission's decision is authorized by law and supported by competent and substantial evidence. § 288.210, RSMo 1978; *Husky Corp. v. Labor & Industrial Relations Commission,* 628 S.W.2d 378, 379 (Mo.App.1982). The Commission's findings of fact are conclusive if supported by such evidence. *Kansas City Mortgage Co. v. Industrial Commission,* 555 S.W.2d 58, 60 (Mo.App.1977). If the evidence would reasonably support two different results, this court must accept the one reached by the Commission. *Rapp v. Industrial Commission,* 360 S.W.2d 366, 369 (Mo.App.1962).

Claimant was disqualified from receiving benefits if she "left [her] work voluntarily without good cause attributable to [her] work or to [her] employer ..." § 288.050.-

1(1), RSMo 1978. The sole issue is whether or not, on the whole record, there was competent and substantial evidence to support the Commission's finding that claimant voluntarily quit her work.

■ Claimant did general cleaning work for her employer for ten months. Claimant's attendance record kept by the employer and offered into evidence as an exhibit, indicated an unexplained absence on January 6, 1982, absences for funeral leave from January 11 through 15, 1982, and an absence on January 18, 1982, because of car trouble. The record also noted claimant's last day of work as January 29, 1982. The exhibit further records an absence on Monday, February 1, 1982, for "snow." Nineteen inches of snow fell in the St. Louis area the previous weekend, and claimant was told she did not have to work on that day. The exhibit then indicates absences on February 2 through 5, 1982 and February 8 through 12, 1982 and notes that claimant voluntarily quit on February 15, 1982.

Claimant testified that her two-week absence from work was provoked by car trouble combined with the paralyzing snowfall of January 30–31, 1982 and that when she returned to work on February 15, 1982, she was discharged. Claimant's supervisor testified that when claimant returned to work he explained to her that Spann needed someone to come to work every day and that she had a choice of voluntarily quitting or being placed on suspension pending investigation for failure to come to work every day. Her response was, "I quit." It was for the Commission to determine the witnesses' credibility. *Cross v. Industrial Commission,* 359 S.W.2d 494, 500 (Mo.App. 1962).

The Commission found that claimant voluntarily left her employment as of February 2, 1982, her first regularly scheduled day of work after the snowstorm. The only reason claimant offered for missing two weeks of work was a lack of transportation, and evidence was presented that she had an alternative of public transportation

which she failed to investigate or exploit. This evidence combined with evidence that claimant said she would quit rather than allow an investigation of her two-week absence, supported the Commission's finding that she in fact had voluntarily left her job when she failed to report for work on February 2, 1982. The Commission could have found from the evidence that claimant was able to come to work but did not do so for two weeks, indicating she had left her work voluntarily.

We affirm.

REINHARD and CRANDALL, JJ., concur.