Anne ROTHSCHILD, Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY, and Judy Bean Cosmetics, Inc., Respondents.**

No. 51643.

Missouri Court of Appeals,
Eastern District,
Division One.

April 28, 1987.

Burton A. Librach and Ronald L. Rothman, St. Louis, for appellant.

Catherine J. Barrie, Jefferson City, for respondents.

SATZ, Presiding Judge.

This is an unemployment compensation case. Claimant, Anne Rothschild, filed her claim against her employer, Judy Bean Cosmetics, Inc. A Deputy of the Division of Employment Security awarded claimant unemployment benefits. The Labor Appeals Tribunal reversed, finding claimant left work voluntarily, without good cause. The Labor and Industrial Commission (Commission) adopted the findings of the Appeals Tribunal. The circuit court affirmed the Commission and taxed costs against claimant. Claimant appeals. We

affirm the denial of unemployment compensation and reverse the order taxing costs against claimant.

The Commission made "Findings" without designating which "Findings" were findings of fact and which were conclusions of law. The Commission found: Claimant was employed by the employer from September, 1982 to June 12, 1985. Initially, claimant worked Monday through Saturday from 9:00 a.m. to 5:00 p.m., with Tuesday as her day off. In January, 1985, at claimant's request, the employer agreed to try a change in claimant's work schedule. Under this new schedule, claimant would work Monday through Friday, three weeks per month, with one floating week off per month. The new schedule continued until June, 1985, when the employer asked claimant to return to the original work schedule. Claimant refused to do so. The employer informed claimant she could either return to the original schedule or work one day per week until claimant found a different job. Claimant accepted the one day a week alternative, but, the next day, she told the employer she would not work one day per week.

The Commission also found: Claimant's employment ended because she would not accept the change in her work schedule and was unwilling to work the hours the employer deemed it was necessary for her to work. She could have worked one day per week, improving her financial situation, while she looked for other employment providing her the hours she desired to work. Claimant, the Commission concluded, left her work voluntarily without good cause attributable to her work or to her employer.

We review Commission's findings of fact to determine whether they are supported by competent and substantial evidence. § 288.210 RSMo. 1978; *Division of Employment Security v. Labor & Industrial Relations Commission*, 625 S.W.2d 882, 883 (Mo.App.1981). We are not bound, however, by the Commission's conclusions of law. *See, e.g., Backer's Potato Chip Co. v. Labor and Indust. Rels. Comm'n.*, 679 S.W.2d 909, 911 (Mo.App.1984). Claim-

ant contends she had good cause for terminating her employment, and, thus, she argues, the denial of her benefits were improper. § 288.050.1(1) RSMo. (Supp.1984). We disagree.

The term "good cause" in the employment security law is a term of art. *See, e.g., Belle State Bank v. Indust. Comm'n.*, 547 S.W.2d 841, 846 (Mo.App. 1977). To constitute "good cause", the facts "motivating an employee to voluntarily terminate employment must be real not imaginary, substantial not trifling, and reasonable not whimsical, and good faith is an essential element". *Id.* "Good cause" is a standard of reason applied to the average person, not to the supersensitive. *Id.* at 847. Whether a claimant has "good cause" to terminate his or her employment is a question of law, *Backer's Potato Chip Co. v. Labor and Industrial Rel. Comm'n*, 679 S.W.2d at 911, and the claimant has the burden of establishing "good cause". *Belle State v. Indust. Comm'n.*, 547 S.W.2d at 844.

Claimant argues her employer proposed she "work one day per week as an alternative to [her] employer's unilateral demand that [claimant] agree to a modification of the previous work agreement" under which claimant worked five days per week. This reduction of work days to one day per week, claimant contends, was, in effect, an 80% reduction in wages, which was a substantial reduction in wages and, therefore, was "good cause" for claimant's voluntary termination. *See, e.g., Armco Steel Corp. v. Labor and Industrial Rel. Comm'n.*, 553 S.W.2d 506, 507–508 (Mo. App.1977). Claimant's argument is based upon non-existent facts and, thus, her conclusion is not meaningful.

The Commission found claimant's original work schedule was Monday through Saturday from 9 to 5, with Tuesday as a day off. In January 1985, according to the Commission's "Findings", claimant's work schedule was changed at her request so that she had one "floating week" off per month. Claimant's employer, however, only agreed "to try" this new arrangement. As the employer's president explicitly stat-

ed: "I said we'll try it. I didn't say this is it for the rest of the time you're ever working for me."

About five months later, the employer found claimant's new work schedule unacceptable and requested claimant to return to her original and regular schedule of work. Claimant refused to do so. It was only then the employer offered claimant the opportunity to work one day per week. Claimant's employment terminated when she refused both the request to return to her original work schedule and the opportunity to work one day per week. Quite simply, claimant found the request and offer unacceptable to her. But the facts found by the Commission amply justify the Commission's conclusion claimant was not reasonable in both refusing to return to her original work schedule and refusing to work one day per week after the employer found the tentative change in her original work schedule was unsatisfactory.

The fatal defect in claimant's argument lies in her characterization of the facts as a "wage reduction of 80%". The Commission did not find the change in the original work schedule to the work schedule of three weeks per month, with a floating week, was a permanent change creating a new employment contract. To the contrary, the Commission found this change was simply a tentative change. When the employer found this tentative change to be unsatisfactory, the employer had the right to demand claimant return to her original work schedule. On the facts found by the Commission, the Commission had ample evidence to find claimant's refusal of this demand to be unreasonable.

Moreover, the employer's offer of continued work one day per week was not, on this record, good cause for claimant to quit her employment and join the ranks of the unemployed. Acceptance of part-time work would have allowed claimant to search for other full-time employment or take another part-time job. *Division of Employment Security v. Labor and Indust. Rel. Comm'n.*, 625 S.W.2d 882, 885 (Mo.App.1981).

 The parties agree the trial court erred in taxing costs against claimant. § 288.380.5, RSMo. (Supp.1984); *see, e.g. Woolridge v. Labor and Industrial Relations Commission of Missouri*, 643 S.W.2d 317, 319 (Mo.App.1982). This court has also held costs cannot be taxed against the Commission, because it "merely represent[s] the State of Missouri" in these matters. *Mark Twain Homes v. Labor and Industrial Rel. Comm'n.*, 616 S.W.2d 145, 147 (Mo.App.1981).

Accordingly, we affirm that part of the judgment denying claimant unemployment compensation and reverse that part taxing costs against claimant.

CRIST and KELLY, JJ., concur.