NO. 07-99-0336-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 31, 2001

_____

DUSTIN DWAIN DIXON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 12,338-C; HONORABLE PAT PIRTLE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant, Dustin Dwain Dixon, appeals from his conviction for murder and sentence of incarceration for life. He urges that the trial court erred in failing to grant a continuance for him to locate and subpoena a witness and by improperly instructing the jury in response to jury questions during deliberations. He also urges that he received ineffective assistance of counsel. We affirm.

# BACKGROUND

During the early hours of July 20, 1998, appellant attended a party in Amarillo with several of his friends, all of whom were members of the Southside La Familia gang. Some of the gang members picked up Casey Cox, a female acquaintance who lived in the neighborhood, and took her to the party. As the party progressed, Cox and appellant went into a bedroom to have sex. After some time had passed, Nicholas Warr went into the bedroom and found appellant talking with Cox. Appellant and Warr left the bedroom to discuss a matter outside the hearing of Cox. Appellant told Warr that he suspected Cox[1] was trying to give him the AIDS virus by attempting to have sex with him. During the party, appellant discussed a plan to murder Cox with Warr and two other gang members, Cory Polley and Stephanie Baeza.

The four gang members lured Cox to neighboring railroad tracks. While at the tracks, appellant confirmed that he was indeed going to shoot Cox. Upon hearing this, Warr, Polley and Baeza decided to leave and walk back to the party. After walking approximately six blocks, they heard a train whistle and a gunshot. At approximately 8:00 a.m. on July 20, 1998, Cox's body was found near the railroad tracks. Cox died from a contact gunshot wound to the back of her head.

Appellant was arrested and indicted for the murder of Cox. A jury convicted appellant of murder and assessed punishment at incarceration for life.

---

[1]There was testimony that Cox told appellant that she had been exposed to the AIDS virus.

By four issues appellant challenges his conviction and life sentence. He urges reversible error exists in that (1) the trial court refused to grant appellant's motion for a continuance to allow appellant's counsel to locate and subpoena a witness (issue one); (2) the trial court refused appellant's proposed instruction to the jury when the jury sent out written questions during deliberation on punishment, and the trial court erroneously instructed the jury in response to the written questions (issue three); and (3) appellant's trial counsel was ineffective for failing to properly investigate and have a witness subpoenaed for trial, and for failing to seek an accomplice witness instruction to the jury (issues two and four). We will address the issues in the foregoing order.

ISSUE 1: REFUSAL TO GRANT MOTION

FOR CONTINUANCE

By his first issue, appellant contends that the trial court erred in denying his oral, unsworn motion for continuance made during the guilt-innocence phase of trial. Appellant recognizes that motions for continuance must be in writing, sworn to, and are addressed to the discretion of the trial court. See TEX. CRIM. PROC. CODE ANN. arts. 29.03 and 29.08 (Vernon 1989).[2] He argues, however, that the motion was an equitable motion which was not required to be in writing. He refers to Darty v. State, 149 Tex.Crim. 256, 193 S.W.2d 195 (1946), and cases containing language similar to that used in Darty referencing consideration of oral motions for continuance according to equitable principles.

---

[2]Further references to the Texas Code of Criminal Procedure will be by reference to "Article__."

The State cites numerous cases subsequent to Darty in asserting that the Court of Criminal Appeals has consistently held that Articles 29.03 and 29.08 mean what they say: motions for continuance must be in writing and sworn to, and that in the absence of a written, sworn motion for continuance, a defendant does not preserve error for review. We agree with the State.

The Texas Code of Criminal Procedure permits a continuance only upon a written motion sworn to by the State or the defendant. See Articles 29.03, 29.08. A motion for continuance not in writing and not sworn to preserves nothing for review. See Dewberry v. State, 4 S.W.3d 735, 755 (Tex.Crim.App. 1999), and authorities cited therein. In Dewberry the appellant sought to have the Court of Criminal Appeals hold, via its equitable powers, that error was preserved by oral motions for continuance which were made during trial. See id. at n.22. The Court specifically declined to do so. See id.

Appellant's motion was not merely a request for a recess or temporary delay of the trial because of the temporary absence of a witness or other difficulty which appellant urged would be corrected within some particular time expressed to the trial judge. See White v. State, 982 S.W.2d 642, 646-47 (Tex.App.--Texarkana 1998, pet. ref'd). The record reflects no evidence or allegation of how long it would have taken to subpoena the witness, or even if the witness would have ever been served with a subpoena.

We believe that the Court of Criminal Appeals meant what it said in Dewberry: an oral motion for continuance during trial does not preserve error for appellate review, even in the face of an assertion that the Court's equitable powers allow consideration of the

4

issue.  See Dewberry, 4 S.W.3d at 755 & n.22.  If a change is to be made in such rule, the Court of Criminal Appeals is the proper forum for change.  Appellant's oral motion for continuance during trial did not preserve error for review.  Appellant's first issue is overruled.

## ISSUE 3: TRIAL COURT'S RESPONSE TO JURY
## QUESTIONS DURING DELIBERATIONS

After the jury was charged as to punishment and was deliberating, the jury sent out a note asking the judge three questions: (1) could the jury discuss a media report that the defendant turned down a plea bargain; (2) could the jury discuss whether defense counsel was court appointed; and (3) how would the defendant pay a fine.  After the trial judge read the note to counsel for the State and appellant, appellant moved for a mistrial.  He asserted that the first question indicated one or more of the jurors had disregarded the court's instructions and had either listened to or seen a media report on the case, or had discussed the case with someone prior to retiring to deliberate.  Subject to the motion for mistrial, defense counsel requested that the trial judge make no response to the jury's inquiry other than to tell the jury to continue deliberations according to the evidence received at trial, the court's charge, and instructions.  The trial judge overruled both motions and indicated that he planned to call the jury into the courtroom to address the questions.  The judge then called the jury into the courtroom.  Other than as noted, appellant did not object to the trial court's addressing the jury orally as to the questions posed.  See Article 36.27.

5

When the jury had returned to the courtroom, the judge reminded the jury of his instruction that the jurors not follow the case in the media, then asked the jurors for a show of hands as to any jurors who had heard or observed a media report on the case. No juror raised a hand. The judge then told the jury:

> You have been instructed that your deliberations must be based solely upon the evidence admitted here before you under the rulings of the Court. And I haven't heard a bit of evidence concerning the question that is propounded to the Court. So the answer to that is an unequivocal "No."

As to the second question, the judge stated, "'What difference does it make?' and the answer is 'No.'" In addressing the third question, the judge instructed the jurors that they should not concern themselves with the effect of their answers, but that they should merely answer the questions according to the instructions that they had received from the court. The jury then returned to its deliberations.

The language of appellant's third issue sets out complaints about the trial court's refusal to simply instruct the jury to refer to the written charge previously given, and the comments the trial court made to the jury. The body of the issue, however, addresses two areas: receipt of and consideration by the jury of "other evidence," and the court's comments to the jury in response to the jury's questions. Appellant urges that (1) pursuant to TEX. R. APP. P. 21.3(f) and (g),[3] the receipt of "other evidence" requires that a new trial be granted, and (2) a new trial should be granted because the trial court abused its

_____

[3]Further reference to a Rule of Appellate Procedure will be by reference to "TRAP ____."

6

discretion in making oral comments to the jury which substantially affected the rights of appellant because appellant received a life sentence while being parole eligible.

The State responds that: (1) error was not preserved by appellant as to either subject area presented in the body of the issue and the complaints at trial do not correspond with the complaints on appeal, (2) the trial court's statements were not improper comments on the weight of the evidence, (3) the trial court's statements were not an additional instruction to the jury, and (4) the record does not contain any evidence that (a) the jury discussed a media report, (b) a media report influenced the jury's deliberations on punishment, or (c) the jury disregarded the trial court's instructions to base its verdict solely on evidence admitted at trial. The State does not challenge the form of appellant's issue as not presenting the complaints made in the body of the issue. See TRAP 38.1(e).

The trial court received the jury note containing the questions posed and read the questions to counsel. The court then stated, in substance, that it ordinarily would respond to the jury in writing, but that under the circumstances it intended to call the jury into the courtroom and, as diplomatically as possible, answer the first two questions "No," and tell the jurors that they should follow the written instructions as to the last question. Appellant moved for a mistrial. He asserted that the note indicated that one or more of the jury had disregarded either the court's instructions not to follow the case in the media or the instruction not to discuss the case with anyone until after deliberations began. In the alternative, appellant requested the court to simply instruct the jury to continue deliberating according to the evidence and the court's instructions and charge. The court specifically denied both of appellant's requests.

The trial court clearly understood appellant's objections at that time and ruled on them. Appellant preserved error to the extent a motion for new trial was not necessary to adduce facts not in the record. See TRAP 21.2. To the extent that evidence is not in the record to support appellant's issue, however, appellant was required to file and present a motion for new trial to the trial court so a hearing could be conducted to adduce any evidence necessary to support appellant's issue. See id.; Carranza v. State, 960 S.W.2d 76, 78-9 (Tex.Crim.App. 1998) (appellate court should not reverse trial court on a matter not brought to trial court's attention). Appellant filed a Motion for New Trial, but the record does not reflect that it was presented to the trial court. Because he did not present his motion for new trial to the trial court, appellant did not preserve error for review, see id., except to the extent that we may evaluate his assertions on the record before us.

Appellant cites Eckert v. State, 623 S.W.2d 359, 365 (Tex.Crim.App. 1981), for the proposition that evidence other than evidence admitted during trial is "received" when there has been some discussion of it. Eckert, however, merely exemplifies the rule that whether other evidence is "received" by a jury after deliberations have begun is many times a question of both fact and degree. See id. at 364; Stephenson v. State, 571 S.W.2d 174, 176 (Tex.Crim.App. 1978). A new trial for "receipt of other evidence" is not required every time something is mentioned among the jurors that is not supported by the evidence. See Eckert, 623 S.W.2d at 364; Stephenson, 571 S.W.2d at 176.

Appellant has not proved that the jury received other evidence. The jury foreperson questioned the judge whether a media report could be considered. No evidence demonstrates whether the foreperson had acquired some knowledge of such a report and

8

made inquiry of the judge before discussing it with other jurors, whether some juror had mentioned such a report and had been admonished by the other jurors not to discuss the report until inquiry had been made of the judge, or whether such a report had been discussed at length by the jurors. Simply put, the record does not demonstrate anything beyond the note to the judge signed by the foreperson and an immediate and forceful response by the judge that the jury was only to consider the evidence admitted at trial. We presume that the jury followed the instructions of the court. See Cobarrubio v. State, 675 S.W.2d 749, 752 (Tex.Crim.App. 1983). Appellant has not shown that the jury "received" evidence other than that admitted at trial within the meaning of TRAP 21.3(f), and, therefore, has not shown that the jury engaged in misconduct proscribed by TRAP 21.3(g) by receiving other evidence.

We next consider the trial court's comments to the jury in response to the jury's note and questions. We have previously set out the comments. Appellant urges that the comments are to be analyzed as charge error and that the harm of the comments is governed by Almanza v. State, 686 S.W.2d 157 (Tex.Crim.App. 1984). He further posits that his substantial rights were harmed by the comments because he was probation eligible but the jury assessed his punishment at life imprisonment.

When the trial judge responds substantively to a jury question during deliberations, that communication essentially amounts to an additional or supplemental jury instruction. See Daniell v. State, 848 S.W.2d 145, 147 (Tex.Crim.App. 1993). But, a communication from the court that merely refers the jury to the original charge is not an "additional instruction." See Earnhart v. State, 582 S.W.2d 444, 450 (Tex.Crim.App.1979).

9

The issue of harm in the context of jury charge error is controlled by Article 36.19 and Almanza. See Daniell, 848 S.W.2d at 148 n.4. In the absence of harm, an issue complaining of the trial court's communications with the jury should be overruled. See TRAP 44.2(b); McGowan v. State, 664 S.W.2d 355, 358-59 (Tex.Crim.App.1984).

The trial court's response to the third question was no more than referral of the jury to the original charge. Appellant did not object to the original charge, and, other than his claim that an accomplice witness instruction should have been given, does not assert that the charge was erroneous. The court's response to question three was not error resulting in harm to appellant. See Earnhart, 582 S.W.2d at 450.

The trial court's responses to the first two of the three jury questions, however, were more than mere referrals of the jury to the original charge. The responses to the first two questions were substantive discussions of and answers to the two questions posed. Therefore, we must consider the comments as additional or supplemental jury instructions and look to the rules governing jury instructions in determining whether the substance of such communications was improper. See Daniell, 848 S.W.2d at 147. In so doing, we need not determine whether the comments were improper, because (1) the argument in appellant's brief consists only of a conclusory statement that appellant was harmed because he was sentenced to life although he was probation eligible, and (2) the trial court's comments were, as classified by appellant's brief, in the nature of "scolding" the jury for inquiring as to matters outside the scope of their charge and telling the jurors that they could not consider the matters referred to because such matters were outside the evidence.

10

Without presentation of substantive argument or supporting authorities by the party asserting the issue, an issue cannot be adequately evaluated and will be overruled. <u>See</u> <u>Lagrone v. State</u>, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997). Appellant has waived his complaint of harm by failing to provide substantive authority or argument as to how he has been harmed by the comments. Furthermore, we conclude that in context of this record, the trial court's answers and instructions to the jury in response to the first two questions were designed to and did no more than focus the jury's attention on its charge to consider only the evidence adduced during trial. After examining the record as a whole, we have fair assurance that the comments, even if erroneous, did not influence the jury adversely to appellant, or at most had no more than a slight effect. <u>See</u> TRAP 44.2(b); <u>Johnson v.</u> <u>State</u>, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998). Accordingly, the error, if any, must be disregarded. <u>Id</u>. Issue three is overruled.

ISSUES 2 AND 4: INEFFECTIVE

ASSISTANCE OF COUNSEL

By his second and fourth issues, respectively, appellant contends that his trial counsel was ineffective for: (a) failing to investigate and adequately prepare for trial by not having witness Vetisha Rimel subpoenaed to testify at trial; and (b) failing to seek an accomplice witness instruction. The State maintains that appellant has not shown harm from the matters alleged, even if such matters constituted deficient assistance of counsel under appropriate standards.

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984).[4] See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed to defendant by the Sixth Amendment. Id. To be successful in this regard, an appellant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. See Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000).

Assuming, without deciding, that appellant's counsel's failure to subpoena Vetisha Rimel was deficient performance, the proof showed only that had Rimel been present

_____

[4]Appellant does not argue that the Texas Constitution provides more protection to him in this matter than does the United States Constitution, thus we will not address his state constitution claim separately. See Brown v. State, 943 S.W.2d 35, 36 n.3 (Tex.Crim.App. 1997).

12

under subpoena, she might have testified to having been threatened by Casey Cox before Cox was shot by appellant. Rimel's anticipated testimony would not have contradicted any material evidence of appellant's actions in preparing to shoot and in shooting Cox. Under the record presented, appellant has not proved to a reasonable probability that, but for counsel's failure to subpoena Rimel as a witness, the result of the proceeding would have been different. Appellant has failed to demonstrate prejudice from the alleged deficiency. See Everage v. State, 893 S.W.2d 219, 223-24 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd). His second issue is overruled.

In urging that his counsel was ineffective for failing to seek an accomplice witness instruction, appellant notes that Warr, Polley and Baeza, the three gang members involved in discussing the killing of Cox and in luring Cox to the place where she was shot, were charged with offenses arising out of the killing of Cox. Appellant cites Article 38.14 and various Court of Criminal Appeals cases for authority that he was entitled to have an accomplice witness instruction in the jury charge.

Again assuming, without deciding, that the omission which appellant urges as deficient performance by his counsel was in fact deficient performance, the record does not prove that appellant was prejudiced by the omission. In addition to testimony of his co-gang members Warr and Polley, the State introduced testimony from Marvin Herrera, another of the Southside La Familia gang members. Herrera testified that appellant admitted killing Cox and that appellant described "how the brains went everywhere" after he shot Cox. The State also called Corey Cain, another gang member and brother of Jamie Cain, as a witness. Corey testified that appellant admitted shooting Cox. Russell

13

Johnson, a firearms and tool mark analyst with the Department of Public Safety Crime Laboratory in Austin, testified that the bullet and casing found near the crime scene was fired from a pistol identified as belonging to appellant and which was found concealed in appellant's bed.

The accomplice witness testimony was adequately corroborated by other evidence connecting appellant with the crime. See Article 38.14. Regardless of whether failure to request an accomplice witness instruction was deficient performance by his attorney, appellant has not proved to a reasonable probability that, but for counsel's failure to request the instruction, the result of the proceeding would have been different. Appellant has failed to demonstrate prejudice from the alleged deficiency, and has failed to prove ineffective assistance of counsel. See Rangel v. State, 972 S.W.2d 827, 835 (Tex.App.–Corpus Christi 1998, pet. ref'd). His fourth issue is overruled.

CONCLUSION

Having overruled appellant's four issues, we affirm the judgment of the trial court.


Phil Johnson
Justice

Publish.

14