NO. 07-02-0357-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 16, 2003



______________________________




TERRY BOLTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-438843; HONORABLE JIM BOB DARNELL, JUDGE




_______________________________




Before QUINN and REAVIS and CAMPBELL, JJ.

ORDER ON MOTION FOR REASONABLE BAIL


 By opinion dated June 9, 2003, this Court reformed the trial court's judgment of
conviction for attempted burglary of a habitation with intent to commit sexual assault to
reflect a conviction for the lesser included offense of criminal trespass, a Class B
misdemeanor. That portion of the judgment assessing punishment was reversed and the
cause was remanded to the trial court for a new punishment hearing. Pending before us
is appellant's motion for reasonable bail. Pursuant to our request, the State filed a
response by which it does not oppose bail being set so long as statutory authority exists
for this Court to grant bail. We grant appellant's motion.

 Article 44.04(h) of the Texas Code of Criminal Procedure (Vernon Pamph. Supp.
2003), provides that upon reversal of a conviction, a defendant is entitled to release on
reasonable bail, regardless of the length of term of imprisonment, pending final
determination of the appeal by the State or defendant on petition for discretionary review. 
The statute further provides this Court shall determine the amount of bail if it is requested
before a petition for discretionary review has been filed. 

 By his motion, appellant asserts that a typical bond in Lubbock County for a Class
B misdemeanor ranges from $750 to $1,500. He requests reasonable bail be set at no
more than $1,500. It appearing that appellant is entitled to the relief requested, pursuant
to article 44.04(h), the Court hereby sets reasonable bail in the amount of $1,500,
conditioned as the law requires.

 It is so ordered.

 Per Curiam



ion of a controlled substance in a
drug free zone. She challenges that conviction by contending, in two issues, that the trial
court erred in denying her motion for continuance. We overrule the issues. 
          The two motions in question were oral as opposed to written. Motions for the
continuance of a criminal trial must be in writing and sworn to by a person having personal
knowledge of the facts. Tex. Code Crim. Proc. Ann. art. 29.03 & 29.08 (Vernon 2006).
When they are not, as here, it preserves nothing for review. Dewberry v. State, 4 S.W.3d
735, 755 (Tex. Crim. App. 1999); Dixon v. State, 64 S.W.3d 469, 472 (Tex. App.–Amarillo
2001, pet. ref’d). 
          Nor did she complain, at trial, about purportedly being denied her constitutional right
to compulsory process. Thus, that contention was also waived. Guevara v. State, 97
S.W.3d 579, 583 (Tex. Crim. App. 2003).
          The judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.