NO. 07-04-0338-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 22, 2005



______________________________




CHRISTOPHER S. GRIMES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2003-484192; HONORABLE L.B. RUSTY LADD, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Christopher S. Grimes was convicted by a
jury of driving while intoxicated and punishment was assessed by the trial court at 120 days
confinement, suspended for 18 months and an $800 fine, of which $200 was suspended
for 18 months. Presenting three points of error, appellant maintains the trial court erred
(1) in denying his motion to dismiss for want of a speedy trial, (2) in denying his motion for
continuance because the denial amounted to a violation of his right to due process
guaranteed under both the federal and state constitutions, and (3) in allowing Corporal
James Altgelt to testify to his opinion concerning the reasonableness of the field sobriety
tests because he was not qualified or authorized as an expert and had no personal
knowledge of the tests given. We affirm.

 In the early morning hours of March 28, 2003, during cold and snowy conditions,
appellant drove up on an intersection where officers were working a traffic accident. The
officers had placed cones on the street to detour traffic. Fearful of sliding, appellant did
not firmly apply his brakes and struck some cones while coming to a stop at a red light at
the intersection. Officer Watkins quickly approached appellant's vehicle and knocked on
the window to get his attention and determine why he had struck the cones. When
appellant rolled his window down, Watkins detected and odor of alcohol. When questioned
by Watkins, appellant admitted to consuming two to three beers, and Watkins decided to
administer field sobriety tests. Due to road conditions from the snow, the horizontal gaze
nystagmus, walk and turn, and one-leg stand tests were conducted in the middle lane of
the street while traffic was traveling within several feet. Also, appellant was not
appropriately dressed for the inclement weather. After completion of the tests, the officer
detected enough clues from each test to conclude appellant had lost his ability to drive
safely due to intoxication and arrested him. (1)

 After arriving at the police station, Watkins again administered the walk and turn and
one-leg stand test in more favorable conditions. According to Watkins, appellant's
performance improved.

 By his first point, appellant urges error by the trial court in denying his motion to
dismiss based on violations of his right to a speedy trial. We disagree. The right to a
speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and
applies to the states through the Fourteenth Amendment. See Barker v. Wingo, 407 U.S.
514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-17 (1972). Additionally, Article I,
Section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal
Procedure Annotated (Vernon 1977) guarantee a speedy trial. In determining whether an
accused was denied his right to a speedy trial, we are required to balance four factors, to-wit: 1) length of the delay; 2) reason for the delay; 3) assertion of the right; and 4) prejudice
to the accused to determine whether a defendant's right to a speedy trial has been
violated. Barker, 407 U.S. at 530-32; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Cr.App.
1999). No single factor is a "necessary or sufficient condition to the finding" of a speedy
trial violation, and these factors must be considered in conjunction with other relevant
circumstances. Munoz, 991 S.W.2d at 821, citing Barker, 407 U.S. at 533. 

 We review a trial court's ruling on a motion to dismiss for want of a speedy trial in
light of the arguments, information, and evidence that was available to the trial court at the
time it ruled. Dragoo v. State, 96 S.W.308, 313 (Tex.Cr.App. 2003). The trial court's ruling
will be upheld if it is supported by the record and is correct under applicable law. Munoz,
991 S.W.2d at 821.

 Length of delay. Length of the delay is measured from the time the defendant is
arrested or formally accused. Shaw v. State, 117 S.W.3d 883, 889 (Tex.Cr.App. 2003),
citing United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). 
The triggering mechanism for a speedy trial analysis is the length of the delay and, if long
enough, is presumptively prejudicial and requires analysis of the remaining Barker factors. (2) 
Barker, 407 U.S. at 530. Generally, a delay approaching one year is sufficient to trigger
a speedy trial analysis. Shaw, 117 S.W.3d at 889, citing, Doggett v. United State, 505 U.S.
647, 652 n.1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The defendant bears the burden
of demonstrating a lengthy delay and meets the burden by showing that the interval
between his arrest or accusation and trial has crossed the threshold dividing ordinary delay
from presumptively prejudicial delay. Doggett, 505 U.S. at 651-52.

 The record shows that appellant was arrested on March 28, 2003, and was not tried
until March 24, 2004, after postponements of two prior settings. The one-year delay is
presumptively prejudicial and requires further speedy trial inquiry. It also weighs in favor
of finding a speedy trial violation. 

 Reason for the delay. The State bears the burden of justifying a lengthy delay. 
Emery v. State, 881 S.W.2d 702, 708 (Tex.Cr.App. 1994). If the record is silent or the
reasons given are insufficient to excuse the delay, the appellate court must presume that
no valid reason for the delay existed. Phillips v. State, 650 S.W.2d 396, 400 (Tex.Cr.App.
1983). Barker does not require a direct explanation in every case. See Ramirez v. State,
897 S.W.2d 428, 431-32 (Tex.App.-El Paso 1995, no pet.).

 Initially, appellant's trial was set for November 17, 2003. At the hearing on
appellant's motion to dismiss on speedy trial grounds, defense counsel argued that
appellant and his witnesses appeared on November 17th, and after waiting approximately
an hour and a half, learned that the State had dismissed the jury. (3) Counsel also argued
that he learned the State had not filed any subpoenas, was unprepared for trial, and had
not filed a motion for continuance. The trial was reset for March 8, 2004.

 According to counsel's affidavit in support of a motion for new trial, appellant and
his witnesses were available on March 8, but upon arriving in court, discovered the trial had
again been postponed by the State. On Friday, March 19, a message was left at counsel's
office notifying him that the trial was set for the following Monday, March 22. The trial,
however, did not begin until Wednesday, March 24, when one of appellant's out-of-town
witnesses was unavailable.

 By its brief, the State contends appellant failed to present any evidence explaining
the delay and asserts the trial court gave a neutral reason for the delay. The burden,
however, rests with the State on justifying a lengthy delay. See Emery, 881 S.W.2d at 708. 
At the hearing on the motion to dismiss, the State did not offer any reason for the two
postponements. It merely asked the court to take notice of its busy trial docket the week
of November 17th through 21st. A crowded docket is not a valid reason for delay and
weighs against the State. See Shaw, 117 S.W.3d at 80. No explanation was offered by
the State for postponing the March 8 setting. The State did not meet its burden to justify
the delay and thus, this factor weighs heavily in favor of appellant.

 Assertion of the right. A defendant's assertion of his speedy trial right is entitled
to strong evidentiary weight in determining whether he was deprived of that right. Barker,
407 U.S. at 531-52. Conversely, a defendant's inaction weighs more heavily against a
speedy trial violation. Shaw, 117 S.W.3d at 890. Additionally, a defendant's motivation
in seeking a dismissal rather than a prompt trial is relevant and may attenuate the strength
of his claim. Phillips, 650 S.W.2d at 401. See also Mabra v. State, 997 S.W.2d 770, 777-78 (Tex.App.-Amarillo 1997, pet. ref'd).

 On March 23, 2004, appellant filed a motion to dismiss for want of a speedy trial. 
He asserted it would be an undue hardship to continue to wait on the State to mount a
case against him and sought dismissal of the cause. He did not request a speedy trial. 
At the hearing the following day just prior to commencement of trial, the court commented
that even if appellant proved every assertion in the motion, it would not "provide grounds
for speedy trial relief through dismissal." We conclude this factor weighs against finding
a speedy trial violation.

 Prejudice. Although a showing of actual prejudice is not required, appellant bears
the initial burden of establishing prejudice from the delay of his trial. Harris v. State, 489
S.W.2d 303, 308 (Tex.Cr.App. 1973). It is the defendant's burden to make a showing of
prejudice. Ramirez, 897 S.W.2d at 433. A mere passage of time is not per se a
deprivation of the right to a speedy trial. McCarty v. State, 498 S.W.2d 212, 215
(Tex.Cr.App. 1973). Prejudice is considered in light of the interests that the right to a
speedy trial was designed to protect. Barker, 407 U.S. at 532. These interests include
prevention of extended pretrial incarceration, minimization of anxiety over pending charges,
and most importantly, the prevention of actual prejudice to the defendant's ability to present
a defense. See Emery, 881 S.W.2d at 709. Prejudice is the most serious interest because
the inability of a defendant to prepare his case "skews the fairness of the entire system." 
Barker, 407 U.S. at 532. 

 After the trial court denied appellant's motion to dismiss, a bill of exception was
made to present evidence of harm. (4) Appellant testified that witness Laura Hary was
relevant and material to his defense because she could have testified to how much he had
to drink and was present while he was taking the field sobriety tests. She had been
available twice before, but was unable to take off work to testify on March 24th. 

 During cross-examination, appellant testified he had a reasonable belief that Hary
could have been available to testify on the morning of March 25th, and the State
mentioned that an early recess on the first day of trial would have accommodated Hary. 
The State, however, demonstrated that any testimony by her would have been cumulative
of testimony offered by Justin Hitch, who was with appellant when he consumed alcohol
and was present in the vehicle when the field sobriety tests were administered. Appellant
failed to make a prima facie showing of prejudice. Munoz, 991 S.W.2d at 826. Therefore,
this factor weighs against finding a speedy trial violation.

 Balancing the Barker factors, we conclude the first two factors, the excessive delay
and no valid reason for the delay, weigh in favor of appellant. Weighing against appellant
are his request for dismissal rather than a speedy trial and his failure to demonstrate
prejudice in proceeding to trial without Hary. We hold that when balanced together, the
Barker factors do not demonstrate a violation of appellant's right to a speedy trial. Point
of error one is overruled.

 By his second point, appellant maintains the trial court erred in denying his oral
motion for continuance in violation of his federal and State due process rights. At the
pretrial hearing, he argued that denial of his motion for continuance amounted to denial of
his right to a fair trial because one of his witnesses was unavailable. 

 A motion for continuance not in writing and not sworn to preserves nothing for
review. See Dewberry v. State, 4 S.W.3d 735, 755 (Tex.Cr.App. 1999). See also Dixon
v. State, 64 S.W.3d 469, 473 (Tex.App.-Amarillo 2001, pet. ref'd) (following Dewberry by
holding that an oral motion for continuance did not preserve error for review even in the
face of equitable grounds); Tex. Code Crim. Proc. Ann. arts. 29.03 & 29.08 (Vernon 1989).

 Appellant argues that the Dewberry decision is not absolute and in support thereof
relies on O'Rarden v. State, 777 S.W.2d 455, 459 (Tex.App.-Dallas 1989, pet. denied). 
In O'Rarden, the Court found that denial of an oral motion for continuance is subject to
appellate review when it amounts to a denial of the rudiments of due process required
under both our State and federal constitutions. Id. at 459-60. Appellant also urges that
his recorded and sworn testimony was sufficient to preserve the complaint for appellate
review and distinguishes his circumstances from the Dewberry line of cases. O'Rarden,
however, antedates Dewberry and we decline to apply it. We conclude the denial of
appellant's motion for continuance is not before us. 

 By his final contention, appellant contends the trial court erred in allowing Corporal
James Altgelt to testify over objection to his opinion concerning the reasonableness of the
field sobriety tests given because he was not qualified nor designated an expert witness
and had no personal knowledge of the tests given. We agree, but conclude the error is
harmless.

 Rule 701 of the Texas Rules of Evidence provides that a lay witness may testify in
the form of an opinion or inference that is rationally based upon his perception and is
helpful to the jury's understanding of either the witness's testimony or the facts of the case. 
Additionally, admissibility of evidence is within the sound discretion of the trial court and
will not be disturbed absent an abuse of discretion. Osbourn v. State, 92 S.W.3d 531, 537
(Tex.Cr.App. 2002). If there is evidence supporting the trial court's ruling, there is no
abuse and an appellate court must defer to the trial court. Id. at 538.

 The State offered Officer James Altgelt to provide testimony regarding the safety
and reasonableness of the field sobriety tests conducted in the cold and snowy conditions
and whether they were consistent with the Police Department's policy and training. Voir
dire examination of Altgelt was conducted and the court ruled he would testify only as a lay
witness and would not be qualified as an expert. 

 Altgelt was not present when the field sobriety tests were administered to appellant. 
His only preparation for testifying was viewing the video made at the scene. He testified
he did not observe anything unsafe about administering the tests in the conditions
portrayed on the video. He also testified that Officer Watkins's actions were within the
Department's training policy and procedure. During redirect examination, the State posed
several questions to Altgelt on the horizontal gaze nystagmus test, including the purpose
of performing it in the field. 

 A peace officer's testimony regarding the walk and turn and one-leg stand tests is
considered lay testimony under Rule 701 because the officer's observations are grounded
in common knowledge. McRae v. State, 152 S.W.3d 739, 745-46 (Tex.App.- Houston [1st
Dist.] 2004, pet. ref'd). Testimony regarding the horizontal gaze nystagmus test, however, 
is novel scientific testimony requiring expert testimony and is governed by Rule 702 of the
Texas Rules of Evidence. Emerson v. State, 880 S.W.2d 759, 763 (Tex.Cr.App. 1994). 
We conclude the trial court erred in allowing Officer Altgelt to present any evidence of
horizontal gaze nystagmus without being qualified as an expert witness. 

 Our conclusion requires us to determine whether appellant was harmed by the trial
court's error. A violation of an evidentiary rule that results in the erroneous admission of
evidence is not constitutional error. Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 
1998). When a non-constitutional error is made during trial, it will be disregarded as
harmless if the error did not affect the substantial rights of the defendant. Tex. R. App. P.
44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). A substantial right is not
affected by the erroneous admission of evidence "if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the jury, or had but
a slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998).

 Officer Watkins detected an odor of alcohol emanating from appellant's vehicle, and
appellant admitted he had consumed two to three beers. According to Watkins, appellant
exhibited four clues on the horizontal gaze nystagmus test, four of eight clues on the walk
and turn test, and two of four clues on the one-leg stand test, all indicating impairment of
his physical abilities. The jury could have concluded without the erroneously admitted
testimony that appellant was intoxicated. We conclude the improper admission of Officer 
Altgelt's testimony regarding horizontal gaze nystagmus was harmless. Point of error three
is overruled.

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice


 

 

Do not publish. 

1. Appellant refused to take a breath test.
2. Courts have held that a delay of eight months is presumptively prejudicial. See
Knox v. State, 934 S.W.2d 678, 681 (Tex.Cr.App. 1996); Harris v. State, 949 S.W.2d 949,
956 (Tex.Cr.App. 1992).
3. When asked at oral argument about the legal authority of the State (as opposed
to the trial court) to dismiss a jury, counsel for appellant knew of none. Furthermore, no
one from the State appeared at oral argument. Thus, the question could not also be asked
of it. 
4. Appellant was not incarcerated prior to trial and no evidence of anxiety over the
pending charges was presented.