NO. 07-02-0097-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 21, 2002

_____

JONATHAN ROBERT DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,625-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Following his plea of guilty to the offense of delivery of a controlled substance, appellant Jonathan Robert Davis was sentenced to 14 years confinement. The trial court denied appellant's motion for new trial but authorized him to appeal the issues of

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

voluntariness of his plea of guilty and the effectiveness of counsel as well as other alleged errors. Seeking both reversal of his conviction and sentence as well as a new trial, appellant contends: 1) his guilty plea was involuntary because it was based on trial counsel's representation that he had a "70%" chance of receiving community supervision from the jury; 2) the trial court abused its discretion in not granting a mistrial after sustaining appellant's objection to the State's offer of evidence pertaining to the general theory that drugs are directly related to burglaries and other ancillary property crimes without a showing of any connection to appellant; and 3) the trial court abused its discretion in overruling appellant's objection to the State's offer of evidence pertaining to the specifics of the manufacture of methamphetamine without a showing of any connection to appellant. Based upon the rationale expressed herein, we affirm.

Because appellant does not challenge the sufficiency of the evidence, a summary of the facts will be sufficient to permit us to consider his issues in the context of the facts and record of the proceedings. Appellant was charged with making a sale of methamphetamine in an amount by aggregate weight of 200 grams or more but less than 400 grams to an undercover police officer. Along with his election to have the jury assess punishment, because appellant had never been convicted of a felony offense, he filed an "Application for Community Supervision from the Jury" prior to trial. During the punishment phase, evidence was presented of appellant's sale of methamphetamine or marihuana to an undercover officer with the Panhandle Regional Narcotics Trafficking Task Force of the

Amarillo Police Department, as alleged in the indictment and on four other occasions. By his testimony, appellant admitted to selling marihuana and methamphetamine to the undercover officer on numerous occasions and that he was on probation for the misdemeanor offense of resisting arrest when he sold these drugs to the officer. When questioned about other discrepancies in his testimony, appellant admitted that his prior testimony "was a lie."

By his first issue, appellant contends his plea was involuntary because it was based on trial counsel's representation that he had a "70%" chance of receiving community supervision from the jury when that representation had no basis in fact and was extremely misleading as to appellant's chances for community supervision. We disagree.

Appellant presented this as one of the grounds for his motion for new trial, supported by affidavits regarding the alleged assurances by counsel. When the motion for new trial was heard, appellant's father testified that on several occasions, trial counsel:

> kept advising Jonathan that he felt like the best thing to do was plead guilty before a jury. And that he would be-have a 70 percent chance of receiving probation by doing so.

However, in contrast, the initial announcements by trial counsel and the court's admonitions present an entirely different history.

After trial counsel announced appellant intended to plead guilty and that he had communicated the State's plea bargain offer of 15 years,[1] the record shows the following:

> Mr. Daffern: Now, I explained that–that also to you, did I not, Jonathan?
>
> Defendant: Yes, sir.
>
> *  *  *
>
> Mr. Daffern: And we discussed all that, I did, with your dad, and your family, and you.  And you called me at home last night, and what you want to do is go ahead and try to get probation from the jury, is that correct?
>
> Defendant: Yes.
>
> Mr. Daffern: And I talked to you about just pleading to the Judge with no recommendation, also; or pleading to the jury and trying to get probation, and that's what you have decided you wanted to do, is that correct?
>
> Defendant: That's correct.
>
> Mr. Daffern: Do you have any questions about anything I might have gone over?
>
> Defendant: No, sir.

Then, addressing appellant, the record shows the trial court admonished appellant as follows:

> The Court: . . . Do you understand that what you have been charged with is a first degree felony?  And if convicted of that, you could face imprisonment in the Texas Department of Criminal Justice for a term of anywhere between 10 years and 99 years or life?

---

[1]The record shows appellant acknowledged receipt of the plea offer.

The Defendant: Yes, sir.

The Court: You understand that? And you understand that the jury will have that range of punishment available to you?

The Defendant: Uh-huh. Yes.

* * *

The Court: And are you going to be telling the jury that you are guilty only because you are guilty?

The Defendant: I didn't–

The Court: In other words, has anybody offered you anything or promised you anything in exchange for your plea of guilty?

The Defendant: No, sir.

The Court: Has anybody forced you or made you plead guilty against your will?

The Defendant: No, sir.

The Court: Is there anything else out there that's influencing your decision to plead guilty, other than the fact that you are guilty?

The Defendant: No, sir.

Upon completion of the follow up admonitions, the trial court then announced:

Okay. Well, then I will – find that your plea is voluntary, and — and is made voluntarily, and without any undue influence, outside influence, and I will allow to you do that.

In reviewing the denial of a motion for new trial, we apply an abuse of discretion standard and do not substitute our judgment for that of the trial court, but rather decide

5

whether the trial court's decision was arbitrary or unreasonable. State v. Gonzales, 855 S.W.2d 692, 695 (Tex.Cr.App. 1993) (en banc); Lewis v. State, 911 S.W.2d 1, 7 (Tex.Cr.App. 1995) (en banc). In determining whether a plea is voluntary, we consider the entire record. Williams v. State, 522 S.W.2d 483, 485 (Tex.Cr.App. 1975). The record affirmatively shows that after giving the admonishments and making an express finding that appellant's plea was voluntary, only then did the trial court receive appellant's plea. The record demonstrates the voluntariness of appellant's plea. Considering the record as a whole and the admonishments by the trial court given shortly before appellant's plea was received, we conclude the trial court did not abuse its discretion in overruling appellant's motion for new trial. Issue one is overruled.

By his second issue, appellant contends the trial court abused its discretion by refusing to grant a mistrial after sustaining appellant's objection to the State's offer of evidence pertaining to the general theory that drugs are directly related to burglaries and other ancillary property crimes without a showing of any connection to appellant. We disagree.

After the trial court sustained appellant's objection to the State's evidence of "ancillary crimes that are associated with methamphetamine," and instructed the jury to disregard any testimony pertaining to ancillary crimes, appellant's counsel moved for a mistrial, which was denied by the trial court. The denial of a motion for mistrial is reviewed under the standard of abuse of discretion. Trevino v. State, 991 S.W.2d 849, 851

6

(Tex.Cr.App. 1999) (en banc). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990) (en banc).

Evidence of extraneous offenses or references to same can be made harmless by an instruction to the jury to disregard unless it is so clearly calculated to inflame the minds of the jury and is of such a nature as to suggest the impossibility of withdrawing the impression produced. Kemp v. State, 846 S.W.2d 289, 308 (Tex.Cr.App. 1992) (en banc), *cert. denied*, 508 U.S. 918, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993); Lusk v. State, 82 S.W.3d 57, 60-61 (Tex.App.–Amarillo 2002, pet. ref'd). Moreover, on appeal we presume the jury follows the instructions of the trial court. Waldo v. State, 746 S.W.2d 750, 752-53 (Tex.Cr.App. 1988) (en banc).

Considering 1) the effect of the evidence was curable by instruction; 2) such instruction was given; 3) the presumption that the jury follows the instructions of the trial court; and 4) appellant admitted to other offenses regarding the sale of illegal drugs, we conclude appellant has failed to demonstrate the trial court abused its discretion in denying his motion for a mistrial. Issue two is overruled.

By his third issue, appellant contends the trial court abused its discretion in overruling his objection to the State's offer of evidence pertaining to the specifics of the

manufacture of methamphetamine without a showing of any connection to appellant. We disagree.

While the undercover officer was testifying about his purchase of methamphetamine from appellant, the State also asked questions regarding the manufacture and chemicals used to make methamphetamine, as distinguished from other common illegal drugs. Responding to appellant's objection, the trial court announced:

> I'll sustain the objection with regard to going into the particular methodology. But as far as the-the make up of the -of the drug, I've already overruled that objection and I would allow testimony on-on that.

Appellant pled guilty to the transfer and delivery of methamphetamine. Evidence of how methamphetamine is manufactured as distinguished from other illegal drugs and the chemicals used to make it may be relevant during the punishment stage of a prosecution for the sale of methamphetamine, because it may be helpful to the jury in determining the appropriate sentence for a particular defendant. TEX. CODE CRIM. PROC. ANN. art. 37.07(3)(a)(1) (Vernon Supp. 2002). We conclude that the discretionary ruling of the trial court that such evidence was admissible at the punishment phase was within the zone of reasonable disagreement, and thus did not constitute an abuse of discretion. *Montgomery*, 810 S.W.2d at 391. Issue three is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.