NO. 07-04-0338-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 22, 2005

_____


CHRISTOPHER S. GRIMES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2003-484192; HONORABLE L.B. RUSTY LADD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Christopher S. Grimes was convicted by a jury of driving while intoxicated and punishment was assessed by the trial court at 120 days confinement, suspended for 18 months and an $800 fine, of which $200 was suspended for 18 months. Presenting three points of error, appellant maintains the trial court erred

(1) in denying his motion to dismiss for want of a speedy trial, (2) in denying his motion for continuance because the denial amounted to a violation of his right to due process guaranteed under both the federal and state constitutions, and (3) in allowing Corporal James Altgelt to testify to his opinion concerning the reasonableness of the field sobriety tests because he was not qualified or authorized as an expert and had no personal knowledge of the tests given. We affirm.

In the early morning hours of March 28, 2003, during cold and snowy conditions, appellant drove up on an intersection where officers were working a traffic accident. The officers had placed cones on the street to detour traffic. Fearful of sliding, appellant did not firmly apply his brakes and struck some cones while coming to a stop at a red light at the intersection. Officer Watkins quickly approached appellant's vehicle and knocked on the window to get his attention and determine why he had struck the cones. When appellant rolled his window down, Watkins detected and odor of alcohol. When questioned by Watkins, appellant admitted to consuming two to three beers, and Watkins decided to administer field sobriety tests. Due to road conditions from the snow, the horizontal gaze nystagmus, walk and turn, and one-leg stand tests were conducted in the middle lane of the street while traffic was traveling within several feet. Also, appellant was not appropriately dressed for the inclement weather. After completion of the tests, the officer

detected enough clues from each test to conclude appellant had lost his ability to drive safely due to intoxication and arrested him.[1]

After arriving at the police station, Watkins again administered the walk and turn and one-leg stand test in more favorable conditions. According to Watkins, appellant's performance improved.

By his first point, appellant urges error by the trial court in denying his motion to dismiss based on violations of his right to a speedy trial. We disagree. The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and applies to the states through the Fourteenth Amendment. *See* Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116-17 (1972). Additionally, Article I, Section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1977) guarantee a speedy trial. In determining whether an accused was denied his right to a speedy trial, we are required to balance four factors, to-wit: 1) length of the delay; 2) reason for the delay; 3) assertion of the right; and 4) prejudice to the accused to determine whether a defendant's right to a speedy trial has been violated. *Barker*, 407 U.S. at 530-32; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Cr.App. 1999). No single factor is a "necessary or sufficient condition to the finding" of a speedy trial violation, and these factors must be considered in conjunction with other relevant circumstances. *Munoz*, 991 S.W.2d at 821, *citing Barker*, 407 U.S. at 533.

---

[1]Appellant refused to take a breath test.

We review a trial court's ruling on a motion to dismiss for want of a speedy trial in light of the arguments, information, and evidence that was available to the trial court at the time it ruled. Dragoo v. State, 96 S.W.308, 313 (Tex.Cr.App. 2003). The trial court's ruling will be upheld if it is supported by the record and is correct under applicable law. *Munoz*, 991 S.W.2d at 821.

**Length of delay.** Length of the delay is measured from the time the defendant is arrested or formally accused. Shaw v. State, 117 S.W.3d 883, 889 (Tex.Cr.App. 2003), *citing* United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The triggering mechanism for a speedy trial analysis is the length of the delay and, if long enough, is presumptively prejudicial and requires analysis of the remaining *Barker* factors.[2] *Barker*, 407 U.S. at 530. Generally, a delay approaching one year is sufficient to trigger a speedy trial analysis. *Shaw*, 117 S.W.3d at 889, *citing*, Doggett v. United State, 505 U.S. 647, 652 n.1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The defendant bears the burden of demonstrating a lengthy delay and meets the burden by showing that the interval between his arrest or accusation and trial has crossed the threshold dividing ordinary delay from presumptively prejudicial delay. *Doggett*, 505 U.S. at 651-52.

The record shows that appellant was arrested on March 28, 2003, and was not tried until March 24, 2004, after postponements of two prior settings. The one-year delay is

[2]Courts have held that a delay of eight months is presumptively prejudicial. *See* Knox v. State, 934 S.W.2d 678, 681 (Tex.Cr.App. 1996); Harris v. State, 949 S.W.2d 949, 956 (Tex.Cr.App. 1992).

presumptively prejudicial and requires further speedy trial inquiry. It also weighs in favor of finding a speedy trial violation.

**Reason for the delay.** The State bears the burden of justifying a lengthy delay. Emery v. State, 881 S.W.2d 702, 708 (Tex.Cr.App. 1994). If the record is silent or the reasons given are insufficient to excuse the delay, the appellate court must presume that no valid reason for the delay existed. Phillips v. State, 650 S.W.2d 396, 400 (Tex.Cr.App. 1983). *Barker* does not require a direct explanation in every case. *See* Ramirez v. State, 897 S.W.2d 428, 431-32 (Tex.App.–El Paso 1995, no pet.).

Initially, appellant's trial was set for November 17, 2003. At the hearing on appellant's motion to dismiss on speedy trial grounds, defense counsel argued that appellant and his witnesses appeared on November 17th, and after waiting approximately an hour and a half, learned that the State had dismissed the jury.[3] Counsel also argued that he learned the State had not filed any subpoenas, was unprepared for trial, and had not filed a motion for continuance. The trial was reset for March 8, 2004.

According to counsel's affidavit in support of a motion for new trial, appellant and his witnesses were available on March 8, but upon arriving in court, discovered the trial had again been postponed by the State. On Friday, March 19, a message was left at counsel's

---

[3]When asked at oral argument about the legal authority of the State (as opposed to the trial court) to dismiss a jury, counsel for appellant knew of none. Furthermore, no one from the State appeared at oral argument. Thus, the question could not also be asked of it.

office notifying him that the trial was set for the following Monday, March 22. The trial, however, did not begin until Wednesday, March 24, when one of appellant's out-of-town witnesses was unavailable.

By its brief, the State contends appellant failed to present any evidence explaining the delay and asserts the trial court gave a neutral reason for the delay. The burden, however, rests with the State on justifying a lengthy delay. *See Emery*, 881 S.W.2d at 708. At the hearing on the motion to dismiss, the State did not offer any reason for the two postponements. It merely asked the court to take notice of its busy trial docket the week of November 17th through 21st. A crowded docket is not a valid reason for delay and weighs against the State. *See Shaw*, 117 S.W.3d at 80. No explanation was offered by the State for postponing the March 8 setting. The State did not meet its burden to justify the delay and thus, this factor weighs heavily in favor of appellant.

**Assertion of the right.** A defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether he was deprived of that right. *Barker*, 407 U.S. at 531-52. Conversely, a defendant's inaction weighs more heavily against a speedy trial violation. *Shaw*, 117 S.W.3d at 890. Additionally, a defendant's motivation in seeking a dismissal rather than a prompt trial is relevant and may attenuate the strength of his claim. *Phillips*, 650 S.W.2d at 401. *See also* Mabra v. State, 997 S.W.2d 770, 777-78 (Tex.App.–Amarillo 1997, pet. ref'd).

On March 23, 2004, appellant filed a motion to dismiss for want of a speedy trial. He asserted it would be an undue hardship to continue to wait on the State to mount a case against him and sought dismissal of the cause. He did not request a speedy trial. At the hearing the following day just prior to commencement of trial, the court commented that even if appellant proved every assertion in the motion, it would not "provide grounds for speedy trial relief through dismissal." We conclude this factor weighs against finding a speedy trial violation.

**Prejudice.** Although a showing of actual prejudice is not required, appellant bears the initial burden of establishing prejudice from the delay of his trial. Harris v. State, 489 S.W.2d 303, 308 (Tex.Cr.App. 1973). It is the defendant's burden to make a showing of prejudice. *Ramirez*, 897 S.W.2d at 433. A mere passage of time is not *per se* a deprivation of the right to a speedy trial. McCarty v. State, 498 S.W.2d 212, 215 (Tex.Cr.App. 1973). Prejudice is considered in light of the interests that the right to a speedy trial was designed to protect. *Barker*, 407 U.S. at 532. These interests include prevention of extended pretrial incarceration, minimization of anxiety over pending charges, and most importantly, the prevention of actual prejudice to the defendant's ability to present a defense. *See Emery*, 881 S.W.2d at 709. Prejudice is the most serious interest because the inability of a defendant to prepare his case "skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

After the trial court denied appellant's motion to dismiss, a bill of exception was made to present evidence of harm.[4]   Appellant testified that witness Laura Hary was relevant and material to his defense because she could have testified to how much he had to drink and was present while he was taking the field sobriety tests.  She had been available twice before, but was unable to take off work to testify on March 24th.

During cross-examination, appellant testified he had a reasonable belief that Hary could have been available to testify on the morning of March 25th, and the State mentioned that an early recess on the first day of trial would have accommodated Hary. The State, however, demonstrated that any testimony by her would have been cumulative of testimony offered by Justin Hitch, who was with appellant when he consumed alcohol and was present in the vehicle when the field sobriety tests were administered.  Appellant failed to make a *prima facie* showing of prejudice.  *Munoz*, 991 S.W.2d at 826.  Therefore, this factor weighs against finding a speedy trial violation.

Balancing the *Barker* factors, we conclude the first two factors, the excessive delay and no valid reason for the delay, weigh in favor of appellant.  Weighing against appellant are his request for dismissal rather than a speedy trial and his failure to demonstrate prejudice in proceeding to trial without Hary.  We hold that when balanced together, the

---

[4]Appellant was not incarcerated prior to trial and no evidence of anxiety over the pending charges was presented.

8

*Barker* factors do not demonstrate a violation of appellant's right to a speedy trial. Point of error one is overruled.

By his second point, appellant maintains the trial court erred in denying his oral motion for continuance in violation of his federal and State due process rights. At the pretrial hearing, he argued that denial of his motion for continuance amounted to denial of his right to a fair trial because one of his witnesses was unavailable.

A motion for continuance not in writing and not sworn to preserves nothing for review. *See* Dewberry v. State, 4 S.W.3d 735, 755 (Tex.Cr.App. 1999). *See also* Dixon v. State, 64 S.W.3d 469, 473 (Tex.App.–Amarillo 2001, pet. ref'd) (following *Dewberry* by holding that an oral motion for continuance did not preserve error for review even in the face of equitable grounds); Tex. Code Crim. Proc. Ann. arts. 29.03 & 29.08 (Vernon 1989).

Appellant argues that the *Dewberry* decision is not absolute and in support thereof relies on O'Rarden v. State, 777 S.W.2d 455, 459 (Tex.App.–Dallas 1989, pet. denied). In *O'Rarden*, the Court found that denial of an oral motion for continuance is subject to appellate review when it amounts to a denial of the rudiments of due process required under both our State and federal constitutions. *Id*. at 459-60. Appellant also urges that his recorded and sworn testimony was sufficient to preserve the complaint for appellate review and distinguishes his circumstances from the *Dewberry* line of cases. *O'Rarden*, however, antedates *Dewberry* and we decline to apply it. We conclude the denial of appellant's motion for continuance is not before us.

9

By his final contention, appellant contends the trial court erred in allowing Corporal James Altgelt to testify over objection to his opinion concerning the reasonableness of the field sobriety tests given because he was not qualified nor designated an expert witness and had no personal knowledge of the tests given. We agree, but conclude the error is harmless.

Rule 701 of the Texas Rules of Evidence provides that a lay witness may testify in the form of an opinion or inference that is rationally based upon his perception and is helpful to the jury's understanding of either the witness's testimony or the facts of the case. Additionally, admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Osbourn v. State, 92 S.W.3d 531, 537 (Tex.Cr.App. 2002). If there is evidence supporting the trial court's ruling, there is no abuse and an appellate court must defer to the trial court. *Id.* at 538.

The State offered Officer James Altgelt to provide testimony regarding the safety and reasonableness of the field sobriety tests conducted in the cold and snowy conditions and whether they were consistent with the Police Department's policy and training. *Voir dire* examination of Altgelt was conducted and the court ruled he would testify only as a lay witness and would not be qualified as an expert.

Altgelt was not present when the field sobriety tests were administered to appellant. His only preparation for testifying was viewing the video made at the scene. He testified he did not observe anything unsafe about administering the tests in the conditions

portrayed on the video. He also testified that Officer Watkins's actions were within the Department's training policy and procedure. During redirect examination, the State posed several questions to Altgelt on the horizontal gaze nystagmus test, including the purpose of performing it in the field.

A peace officer's testimony regarding the walk and turn and one-leg stand tests is considered lay testimony under Rule 701 because the officer's observations are grounded in common knowledge. McRae v. State, 152 S.W.3d 739, 745-46 (Tex.App.– Houston [1st Dist.] 2004, pet. ref'd). Testimony regarding the horizontal gaze nystagmus test, however, is novel scientific testimony requiring expert testimony and is governed by Rule 702 of the Texas Rules of Evidence. Emerson v. State, 880 S.W.2d 759, 763 (Tex.Cr.App. 1994). We conclude the trial court erred in allowing Officer Altgelt to present any evidence of horizontal gaze nystagmus without being qualified as an expert witness.

Our conclusion requires us to determine whether appellant was harmed by the trial court's error. A violation of an evidentiary rule that results in the erroneous admission of evidence is not constitutional error. Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998). When a non-constitutional error is made during trial, it will be disregarded as harmless if the error did not affect the substantial rights of the defendant. Tex. R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). A substantial right is not affected by the erroneous admission of evidence "if the appellate court, after examining the

record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998).

Officer Watkins detected an odor of alcohol emanating from appellant's vehicle, and appellant admitted he had consumed two to three beers. According to Watkins, appellant exhibited four clues on the horizontal gaze nystagmus test, four of eight clues on the walk and turn test, and two of four clues on the one-leg stand test, all indicating impairment of his physical abilities. The jury could have concluded without the erroneously admitted testimony that appellant was intoxicated. We conclude the improper admission of Officer Altgelt's testimony regarding horizontal gaze nystagmus was harmless. Point of error three is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.