NO. 07-07-0458-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 24, 2008
______________________________

JOHNNY R. SATCHELL, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee

_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413383; HON. BRAD UNDERWOOD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Johnny R. Satchell appeals his multiple convictions for aggravated sexual assault. 
His minor stepdaughter was the victim. Seven issues pend for resolution. We affirm.
          Issues 1, 2, and 3 - Closing Argument
          Via the first three issues, appellant contends that the trial court erred in not
sustaining his objection to the following comment by the prosecutor during closing
argument:
But let’s talk about the defendant’s actions and how it supports this as well. 
No cooperation with the police department. Opportunity for the STD test and
he refuses to show up.


 

Appellant objected to the comment on the ground that it shifted the burden of proof to him. 
The objection was overruled. The prosecutor then continued by stating:
This opportunity for the STD test and he refuses to show up. What does he
do? With this investigation going on, he leaves town . . . . 

No objection was made to these statements. Nor did appellant solicit a continuing
objection in response to the prosecutor’s initial comment. Given the absence of a further
objection or a prior request for a running objection, any complaint appellant may have had
to the argument was waived when the State reiterated it. See Martinez v. State, 98 S.W.3d
189, 193 (Tex. Crim. App. 2003) (holding that one must object each time inappropriate
activity occurs or request a continuing objection when his first complaint is overruled,
otherwise the complaint is waived).
          Moreover, we note that the grounds underlying appellant’s argument here exceed
those mentioned below. Again, the sole ground disclosed to the trial court encompassed
the purported shifting in the burden of proof. Nothing was said below about impugning his
right against self-incrimination or to be free from unlawful searches and seizures, two
grounds urged before us. Given that appellant denied the trial court opportunity to consider
the latter two grounds, they were not preserved for review. Guevara v. State, 97 S.W.3d
579, 583 (Tex. Crim. App. 2003) (holding that when the objection at trial fails to comport
with that on appeal, the complaint is waived).
          Lastly, evidence was introduced at trial illustrating that after the victim told police 
appellant had assaulted her, appellant called the investigating police officer. The officer 
asked appellant if he was willing to be tested for sexually transmitted diseases.


 Appellant
agreed to be tested but said that he could not afford it. This led the officer to make
arrangements for the cost to be waived and he informed appellant of that and of a date he
arranged for testing. Appellant again agreed to undergo testing and informed the officer
that he would give the officer his statement after the test. Appellant, however, failed to
appear for the appointment; instead, he left Lubbock. This being evidence presented at
trial, the prosecutor was entitled to summarize it during his closing argument. See Gallo
v. State, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007), cert. denied, ___ U.S. ___, 128
S.Ct. 2872, 171 L.Ed.2d 813 (2008) (stating that summation of the evidence is a
permissible area for jury argument). 
          We overrule the issues.
          Issues 4 and 5 - Notice of Expert Witness
          Through the next two issues, appellant questions the trial court’s decision to overrule
his objection to expert testimony and purportedly deny his motion for continuance. We find
the following faults with the contentions.
          First, the record does not reflect that the trial court ruled on the specific objections
now urged by appellant. Other of his objections were overruled after the trial court
conducted a hearing to determine if the witness in question, Mike Betancourt, was qualified
to testify as an expert. Without a ruling, a complainant generally does not preserve for
review his complaint. Lopez v. State, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). 
          Second, appellant mistakenly contends that he was denied prior notice of the
State’s intent to call Betancourt as an expert. Betancourt’s name appeared on the State’s
witness list with the notation: “CAC; forensic interviewer; expert regarding forensic
interview, including signs and symptoms of sexual abuse and/or child abuse.” (Emphasis
added). Moreover, defense counsel represented to the trial court that he received the
document containing the aforesaid statement. Thus, the State did not neglect to identify
Betancourt as a potential expert witness. 
          Third, the prosecutor informed the trial court that Betancourt had not prepared an
expert report and that the forensic interview and drawings made during the interview had
been provided to appellant. Defense counsel acknowledged receiving this information. 
So too did counsel represent that he would encounter no surprise if the scope of
Betancourt’s testimony did not exceed the scope of the data given counsel. Finally,
appellant does not argue that the witness’ testimony exceeded the scope of what was
contained in those documents. Nor does he claim surprise or prejudice on appeal. Gallo
v. State, 239 S.W.3d at 765 (requiring the appellant to show how permitting the witness
to testify caused prejudice). 
          Fourth, appellant failed to cite us to that portion of the record containing his
purported motion for continuance. Nor did our review of the record fill the void for we found
no request for a continuance being sought due to the supposed failure to disclose 
Betancourt’s identity or the substance of his testimony. Whether this deficiency (if not
misrepresentation) in appellant’s briefing was accidental or intentional is unknown.


 
Nonetheless, the trial court cannot be faulted for purportedly denying relief which appellant
did not request. 
          The issues are overruled.
          Issue 6 - Newspaper Article
          Next, appellant argues that the trial court erred in refusing to poll the jury about a
newspaper article concerning the trial.


 Yet, appellant fails to cite us to where in the record
this matter was broached to and rejected by the trial court. Thus, he did not adequately
brief the issue. See Moreno Denoso v. State, 156 S.W.3d 166, 183 (Tex. App.–Corpus
Christi 2005, pet. ref’d) (requiring the litigant to cite to the record or risk waiving his
complaint). 
          Additionally, the trial court instructed the jury, before trial began, against reading 
any newspaper articles about the case. So too did it remind the jury to obey its instructions
when the jury recessed after the first day’s testimony. We generally presume that the jury
follows judicial instructions. Thrift v. State, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005);
Dixon v. State, 64 S.W.3d 469, 475 (Tex. App.–Amarillo 2001, pet. ref’d). And, while that
presumption may be rebutted, appellant cited us to nothing of record suggesting that the
admonishment was violated. See Thrift v. State, 176 S.W.3d at 224 (requiring the
appellant to direct the court to evidence illustrating that the jury violated the instruction). 
          Next, having instructed the jury not to read newspaper articles, the trial court was
not required to poll the jury as to whether any member read the piece. See Powell v. State,
898 S.W.2d 821, 828 (Tex. Crim. App. 1994) (stating that the court was not required to poll
the jury members as to whether they had read a newspaper article when the court had
frequently admonished the jury not to read any such articles and polling the members
created a risk of calling to their attention an article of which they might not otherwise be
aware). So, we reject appellant’s contention that a poll was needed.
          Appellant’s sixth issue is overruled.
           Issue 7 - Admonishment of Counsel
          Finally, appellant attacks the manner in which the trial court admonished both
counsel when the child victim returned to the witness stand after an evening’s recess and
neither party chose to question her. That admonishment consisted of the court saying: 
Well, that was painless. You can step down. We’re done. Thank you.
Counsel, if you all don’t mind, if you all would let me know something like that
before we have everybody brought in, that would be really helpful.

(Emphasis added). Moreover, no one objected to it. Nor was the comment of the ilk that
would tend to taint the presumption of innocence afforded to the defendant given that it
was directed to both counsel and dealt with a way to minimize delay. Thus, any complaint
that appellant may have had about it was waived. Tex. R. App. P. 33.1(a)(1): see Blue v.
State, 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (noting that comments to the jury
may be fundamental error when they taint the defendant’s presumption of innocence). 
          We overrule the issue.
          The judgments of the trial court are affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
                        
Do not publish.