NO. 07-07-0458-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 24, 2008
_____

JOHNNY R. SATCHELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413383; HON. BRAD UNDERWOOD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Johnny R. Satchell appeals his multiple convictions for aggravated sexual assault.

His minor stepdaughter was the victim. Seven issues pend for resolution. We affirm.

*Issues 1, 2, and 3 - Closing Argument*

Via the first three issues, appellant contends that the trial court erred in not

sustaining his objection to the following comment by the prosecutor during closing

argument:

> But let's talk about the defendant's actions and how it supports this as well. No cooperation with the police department. Opportunity for the STD test and he refuses to show up.[1]

Appellant objected to the comment on the ground that it shifted the burden of proof to him. The objection was overruled. The prosecutor then continued by stating:

> This opportunity for the STD test and he refuses to show up. What does he do? With this investigation going on, he leaves town . . . .

No objection was made to these statements. Nor did appellant solicit a continuing objection in response to the prosecutor's initial comment. Given the absence of a further objection or a prior request for a running objection, any complaint appellant may have had to the argument was waived when the State reiterated it. *See Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (holding that one must object each time inappropriate activity occurs or request a continuing objection when his first complaint is overruled, otherwise the complaint is waived).

Moreover, we note that the grounds underlying appellant's argument here exceed those mentioned below. Again, the sole ground disclosed to the trial court encompassed the purported shifting in the burden of proof. Nothing was said below about impugning his right against self-incrimination or to be free from unlawful searches and seizures, two grounds urged before us. Given that appellant denied the trial court opportunity to consider the latter two grounds, they were not preserved for review. *Guevara v. State,* 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that when the objection at trial fails to comport with that on appeal, the complaint is waived).

---

[1] The victim was diagnosed with gonorrhea.

Lastly, evidence was introduced at trial illustrating that after the victim told police appellant had assaulted her, appellant called the investigating police officer. The officer asked appellant if he was willing to be tested for sexually transmitted diseases.[2] Appellant agreed to be tested but said that he could not afford it. This led the officer to make arrangements for the cost to be waived and he informed appellant of that and of a date he arranged for testing. Appellant again agreed to undergo testing and informed the officer that he would give the officer his statement after the test. Appellant, however, failed to appear for the appointment; instead, he left Lubbock. This being evidence presented at trial, the prosecutor was entitled to summarize it during his closing argument. *See Gallo v. State,* 239 S.W.3d 757, 767 (Tex. Crim. App. 2007), *cert. denied,* ___ U.S. ___, 128 S.Ct. 2872, 171 L.Ed.2d 813 (2008) (stating that summation of the evidence is a permissible area for jury argument).

We overrule the issues.

*Issues 4 and 5 - Notice of Expert Witness*

Through the next two issues, appellant questions the trial court's decision to overrule his objection to expert testimony and purportedly deny his motion for continuance. We find the following faults with the contentions.

First, the record does not reflect that the trial court ruled on the specific objections now urged by appellant. Other of his objections were overruled after the trial court conducted a hearing to determine if the witness in question, Mike Betancourt, was qualified to testify as an expert. Without a ruling, a complainant generally does not preserve for review his complaint. *Lopez v. State,* 253 S.W.3d 680, 684 (Tex. Crim. App. 2008).

---

[2]Again, the child victim had contracted a sexually transmitted disease.

Second, appellant mistakenly contends that he was denied prior notice of the State's intent to call Betancourt as an expert. Betancourt's name appeared on the State's witness list with the notation: "CAC; forensic interviewer; *expert regarding* forensic interview, including signs and symptoms of sexual abuse and/or child abuse." (Emphasis added). Moreover, defense counsel represented to the trial court that he received the document containing the aforesaid statement. Thus, the State did not neglect to identify Betancourt as a potential expert witness.

Third, the prosecutor informed the trial court that Betancourt had not prepared an expert report and that the forensic interview and drawings made during the interview had been provided to appellant. Defense counsel acknowledged receiving this information. So too did counsel represent that he would encounter no surprise if the scope of Betancourt's testimony did not exceed the scope of the data given counsel. Finally, appellant does not argue that the witness' testimony exceeded the scope of what was contained in those documents. Nor does he claim surprise or prejudice on appeal. *Gallo v. State,* 239 S.W.3d at 765 (requiring the appellant to show how permitting the witness to testify caused prejudice).

Fourth, appellant failed to cite us to that portion of the record containing his purported motion for continuance. Nor did our review of the record fill the void for we found no request for a continuance being sought due to the supposed failure to disclose Betancourt's identity or the substance of his testimony. Whether this deficiency (if not misrepresentation) in appellant's briefing was accidental or intentional is unknown.[3]

---

[3]That the record contained no motion for continuance was expressly mentioned in the State's responsive brief. Thus, appellant had the opportunity to clarify the matter via a reply brief. No reply was filed, however.

Nonetheless, the trial court cannot be faulted for purportedly denying relief which appellant did not request.

The issues are overruled.

*Issue 6 - Newspaper Article*

Next, appellant argues that the trial court erred in refusing to poll the jury about a newspaper article concerning the trial.[4] Yet, appellant fails to cite us to where in the record this matter was broached to and rejected by the trial court. Thus, he did not adequately brief the issue. *See Moreno Denoso v. State,* 156 S.W.3d 166, 183 (Tex. App.–Corpus Christi 2005, pet. ref'd) (requiring the litigant to cite to the record or risk waiving his complaint).

Additionally, the trial court instructed the jury, before trial began, against reading any newspaper articles about the case. So too did it remind the jury to obey its instructions when the jury recessed after the first day's testimony. We generally presume that the jury follows judicial instructions. *Thrift v. State,* 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Dixon v. State,* 64 S.W.3d 469, 475 (Tex. App.–Amarillo 2001, pet. ref'd). And, while that presumption may be rebutted, appellant cited us to nothing of record suggesting that the admonishment was violated. *See Thrift v. State*, 176 S.W.3d at 224 (requiring the appellant to direct the court to evidence illustrating that the jury violated the instruction).

Next, having instructed the jury not to read newspaper articles, the trial court was not required to poll the jury as to whether any member read the piece. *See Powell v. State,* 898 S.W.2d 821, 828 (Tex. Crim. App. 1994) (stating that the court was not required to poll

---

[4]Appellant states in his brief that this newspaper article was found in the jury room but nothing in the record so indicates that fact.

the jury members as to whether they had read a newspaper article when the court had frequently admonished the jury not to read any such articles and polling the members created a risk of calling to their attention an article of which they might not otherwise be aware).  So, we reject appellant's contention that a poll was needed.

Appellant's sixth issue is overruled.

*Issue 7 - Admonishment of Counsel*

Finally, appellant attacks the manner in which the trial court admonished both counsel when the child victim returned to the witness stand after an evening's recess and neither party chose to question her.  That admonishment consisted of the court saying:

> Well, that was painless.  You can step down.  We're done.  Thank you. Counsel, if *you all* don't mind, if you all would let me know something like that before we have everybody brought in, that would be really helpful.

(Emphasis added).  Moreover, no one objected to it.  Nor was the comment of the ilk that would tend to taint the presumption of innocence afforded to the defendant given that it was directed to both counsel and dealt with a way to minimize delay.  Thus, any complaint that appellant may have had about it was waived. TEX. R. APP. P. 33.1(a)(1): s*ee Blue v. State,* 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (noting that comments to the jury may be fundamental error when they taint the defendant's presumption of innocence).

We overrule the issue.

The judgments of the trial court are affirmed.


Brian Quinn
Chief Justice

Do not publish.

6